# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

SHAWN D. MEMARIAN,          )
)
      Movant,         )
)
  v.                   )    Civil No. 10-0870-CV-W-NKL
)    Crim. No. 08-CR-00128-W-NKL
UNITED STATES OF AMERICA,   )
)
      Respondent.    )
)
)

## ORDER

Before the Court is Shawn D. Memarian's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the Court denies the motion.

## I.    Background

On January 7, 2009, Memarian pleaded guilty to a single count of cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B)(I). [Doc. # 30.] On June 17, 2009, this Court sentenced Memarian to 24 months in prison and 3 years of supervised release and ordered Memarian to pay $3,550 in restitution to his victim. [Doc. # 45.] The judgment and commitment order was filed on June 18, 2009. [Doc. # 46.]

On June 23, 2009, Memarian filed a notice of appeal. [Doc. # 49.] On April 12, 2010, the Eighth Circuit affirmed this Court's judgment. *United States v. Memarian*, 371 Fed. Appx. 711 (8th Cir. 2010) [Doc. # 63].

On September 3, 2010, Memarian timely filed this motion pursuant to 28 U.S.C. § 2255. Memarian seeks to set aside his conviction based on four theories of ineffective assistance of counsel.

## II.     Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. *See Payne v. United States*, 78 F.3d 343 (8th Cir. 1996). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Id.* Moreover, a district court need not hold an evidentiary hearing in a section 2255 case when the files and records conclusively show that the movant is not entitled to relief. *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998). After reviewing the records and files, the Court concludes that all of Memarian's claims can be fully and fairly evaluated on the existing record and no evidentiary hearing is necessary.

## III.     Discussion

Relief under section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). While a Sixth Amendment ineffective assistance of counsel may usually be raised under section 2255, "a movant faces a heavy burden." *Id.*

> A claim of ineffective assistance of counsel [under § 2255] must be scrutinized under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland,* in order to prevail on a claim of ineffective

assistance of counsel, a convicted defendant must prove both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case. The first part of the test is met when the defendant shows that counsel failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances. The second part is met when the defendant shows that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)).

Under the first prong of *Strickland*, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. Under *Strickland*'s second prong, the defendant also bears the burden of proving that the ineffective performance prejudiced his defense. *French v. United States*, 76 F.3d 186, 188 (8th Cir. 1996). Such a showing requires proof of a reasonable probability that the result would have been different but for counsel's deficient performance. *Id*. "A 'reasonable probability' is one which is 'sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).

Here, Memarian fails to meet this heavy burden. First, he argues that "Defense Counsel failed to disclose or discuss the reason for an Open Ended Sentence Plea Agreement." [Doc. # 1 at 5.] As his plea agreement reflects, "defendant understands and agrees that this plea agreement is only between him and the United States Attorney," and the defendant understood that "the ultimate sentencing will be done by Judge Laughrey . . . ." [Doc. # 30 at 1, Doc. # 31 at 5, 20-21.] The plea agreement also indicates that the

maximum potential penalty for his offense was "five years of imprisonment, a $250,000 fine, three years of supervised release, and order or restitution, and a $100 mandatory special assessment . . . ." [Doc. # 30 at 4.] The fact that Memarian received a downward variance at sentencing indicates that his counsel acted well within the wide range of reasonable professional assistance when negotiating the plea agreement. [Doc. # 61 at 27-35.]

Second, Memarian argues that "[i]f Defense Counsel had told me it was going to be a felony sentence I would have gone to trial, and not entered an open ended plea agreement." [Doc. # 1 at 6.] However, the plea agreement that Memarian signed states:

> The defendant understands that upon his plea of guilty to Count One of the Information charging him with violating 18 U.S.C. 2261A(2)(B)(i), the minimum penalty the Court may impose is a sentence of probation or a fine, while the maximum penalty the Court may impose is not more than five years of imprisonment, a $250,000 fine, three years of supervised release, an order of restitution and a $100 mandatory special assessment . . . . The defendant further understands that this offense is a Class D felony.

[Doc. # 30 at 4.] Memarian also acknowledged in his change-of-plea hearing on January 7, 2009 that he understood these provisions. [Doc. # 31 at 20-23.] Moreover, the fact that Memarian was sentenced to only 24 months indicates that his counsel acted well within the wide range of reasonable professional assistance when negotiating the plea agreement.

Third, Memarian argues that his counsel failed to discuss the restitution award with him and that "Defense Counsel did not hire a Private Investigator or Forensic Accountant to verify and contest the Restitution Amounts." [Doc. # 1 at 6.] Again, the

record reflects that Memarian did know that restitution was possible. [Doc. # 30 at 4.] Memarian also acknowledged in his change-of-plea hearing that he understood "that the court, Judge Laughrey, may order restitution to be paid to the victims here." [Doc # 31 at 20-21.] Additionally, the decision not to hire a private investigator or forensic accountant is well within the wide range of reasonable professional assistance.

Finally, Memarian argues that "Defense Counsel failed to investigate, research and present evidence of Victim's Felony Vandali[s]m to Movant's Vehicle . . . ." [Doc. # 1 at 9.] There is nothing in the record that substantiates this claim. Memarian stated at the change-of-plea hearing that there was not anything that his counsel had failed to do. [Doc. # 31 at 25.] Given that judicial scrutiny of counsel's performance must be highly deferential, there is simply no basis to second-guess Memarian's counsel's decision not to pursue this line of defense.

## IV. Certificate of Appealability

A certificate of appealability will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, Memarian has not made a substantial showing of the denial of a constitutional right. Therefore, the Court does not issue a certificate of appealability here.

## V.     Conclusion

Accordingly, it is hereby ORDERED that Shawn D. Memarian's Motion to

Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED.


                                        s/ NANETTE K. LAUGHREY
                                        NANETTE K. LAUGHREY
                                        United States District Judge

Dated: Jul 13, 2011
Jefferson City, Missouri